## Edward NIELSON

v.

## C & N, INC.

No. 95–236–M.P.

Supreme Court of Rhode Island.

Nov. 21, 1996.

John Harnett, Carl Asprinio, Providence.

Michael D. Lynch, Providence.

### ORDER

This case came before the court for oral argument November 12, 1996, pursuant to an order which had directed both parties to appear in order to show cause why the issues raised by the petition for certiorari should not be summarily decided. After hearing the arguments of counsel and examining the briefs filed by the parties, we are of the opinion that cause has not been shown and that the issues raised should be summarily decided.

The petitioner, Edward Nielson, was the President and sole employee of C & N, Inc. when he was injured in a motor vehicle accident on April 10, 1992, allegedly in the course of his employment. The sole issue raised by this petition is whether the Workers' Compensation Court had jurisdiction over petitioner's claim for compensation benefits. The Appellate Division determined that it had no jurisdiction over petitioner or C & N, Inc. because the corporation had fewer than three employees at the time of this accident. The corporation was exempt pursuant to the provision of G.L.1956 § 28–29–5. It is further undisputed that C & N, Inc. did not elect to become subject to the act in accordance with § 28–29–8, which provides in pertinent part:

"The election on the part of the employer shall be made by filing with the director a written statement to the effect that he or she accepts the provisions of those chapters, the filing of which statement shall operate to subject the employer to the provisions of those chapters * * *."

No such written statement was filed by C & N, Inc. with the director. However, C & N, Inc. did purchase a policy purporting to cover workers' compensation liability through Employers Insurance of Wausau (Wausau). The insurance company does not dispute that it filed a certificate of insurance with the Department of Labor in accordance with § 28–36–12. The petitioner contends that he believed he and the corporation were covered pursuant to the Workers' Compensation Act.

Both the trial judge and the Appellate Division held that the Workers' Compensation Court lacked jurisdiction because of the failure of C & N, Inc. to file a written statement electing to submit to the Workers' Compensation Act pursuant to § 28–29–8. The statute contains mandatory language requiring that "[t]he election *shall be made* by filing * * * a written statement * * *."

We have held that the word "shall" connotes an imperative unless the particular context requires a contrary meaning. *Brown v. Amaral,* 460 A.2d 7, 10 (R.I.1983). Consequently, we are of the opinion that the Appellate Division was correct in holding that it lacked jurisdiction, since the employer had not elected to become subject to the act.

However, in so holding, we wish to point out that we express no opinion in this case concerning remedies that may be available to the petitioner or to C & N, Inc. in another tribunal based upon the policy of insurance issued by Wausau and for which a premium was duly paid.

For the reasons stated, the petition for certiorari is denied. The writ heretofore issued is hereby quashed.