**Jamie CARDINALE**

v.

**CENTRAL PORTABLE HEATING CO.**

**Jamie CARDINALE**

v.

**CIGNA/INSURANCE COMPANY OF NORTH AMERICA.**

No. 96–533–M.P., 96–530–M.P.

Supreme Court of Rhode Island.

May 11, 1998.

Mary Ann Violette, Providence, for Plaintiff.

Thomas R. Bender, Lauren E. Jones, Robert Smith Thurston, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, FLANDERS and GOLDBERG, JJ.

**OPINION**

PER CURIAM.

These are companion cases arising from a work-related injury suffered by Jamie Cardi-

---

nale (Cardinale), the respondent in case No. 96–533–M.P. and the petitioner in companion case No. 96–530–M.P. Central Portable Heating (Central), the petitioner in case No. 96–533–M.P., seeks review of a decree of the Appellate Division of the Workers' Compensation Court (Appellate Division) requiring Central to pay benefits to Cardinale for his total disability. In case No. 96–530–M.P., Cardinale seeks review of a decision of the Appellate Division in which the court held that the respondent, CIGNA/Insurance Company of North America (CIGNA), was not Central's workers' compensation insurance carrier at the time of Cardinale's injury. This court granted the petitions for certiorari, ordered the cases consolidated, and issued orders to all parties to show cause why the petitions should not be summarily decided. After hearing arguments of counsel and reviewing their memoranda, we are satisfied that cause has not been shown. Accordingly the issues raised by the parties shall be decided at this time. The pertinent facts are as follows.

On November 7, 1989, while still in high school and working for Central as a kerosene-heater technician, Cardinale was seriously injured. According to Cardinale, he was pumping fuel for a customer when he spilled kerosene on his leg. He went into the back room to clean up and then returned to the front of the store to finish up with the customer. Upon returning to the back room, Cardinale noticed a lingering smell of kerosene. He lit a match in order to dispel the odor, and as he turned to put the match in the sink, it fell onto his leg and his clothing caught fire. Cardinale was severely burned and was hospitalized for over eight weeks.

Cardinale filed a petition for benefits with the Workers' Compensation Court, and a preliminary determination denying benefits was made on the grounds that the court had no jurisdiction to entertain the petition.

Cardinale appealed this finding, and the matter was scheduled for a hearing. In February 1992 a separate petition was filed naming CIGNA (insurer) as a party respondent.[1]

At trial James Hargreaves (Hargreaves), the owner of Central, testified that although he had only two employees he had purchased compensation insurance for their protection.[2] The deposition of J. David Francis (Francis), Hargreaves' insurance agent, was introduced in which he testified that he first obtained workers' compensation insurance for Central in September 1988, through Insurance Company of North America. Francis further testified that his firm initially paid the premium but was never repaid by Central. According to Francis, when he received a renewal notice from the insurer in July 1989, he notified Central that the policy needed to be renewed. He received no response from Hargreaves, and the next time he discussed workers' compensation insurance with him was after Cardinale's injury. Hargreaves testified that he was unaware that his insurance had expired.

On the basis of this testimony, the trial judge concluded that the Workers' Compensation Court was without jurisdiction to decide this case since the employer, having fewer than four employees, was not subject to the provisions of the Workers' Compensation Act (act) pursuant to G.L.1956 § 28–29–7. The trial judge further determined that no evidence had been presented to show that the employer had filed an election to be subject to the provisions of the act as provided by § 28–29–8, despite Hargreaves' stated intentions to provide coverage for his employees. On the basis of this finding the trial judge also dismissed the petition against the insurer.

The Appellate Division disagreed with the trial judge's decision and ruled that Central was subject to the provisions of the act. The court found that since the insurer had sent

1. It appears that the proper defendant in this case should be Insurance Company of North America. A motion to amend the caption of the case was granted. We shall refer to the respondent as insurer.

2. An employer with fewer than four workers is exempt from the provisions of the Workers' Compensation Act (act) pursuant to G.L.1956 § 28–29–7 but may, pursuant to § 28–29–8, elect to come within the provision of the act "by filing with the director [of the Department of Labor] a written statement to the effect that he or she accepts the provisions of those chapters."

notice of Central's insurance policy to the director of the Department of Labor (director), that notice was sufficient to constitute an election by the employer to become subject to the act. The Appellate Division declared that

> "the filing of the notice of issuance of the workers' compensation insurance policy with the Director is a written statement that the employer accepts the provisions of the act within the meaning of R.I.G.L. § 28–29–8, and as such requires that the employer give reasonable notice of any withdrawals to his workers as provided by R.I.G.L. § 28–29–8."

A majority of the court then concluded that since Central had failed to notify its employees that it was withdrawing its workers' compensation coverage, the withdrawal was not valid and that Cardinale was therefore entitled to benefits. Central sought review in this court and filed a petition for certiorari.

In the companion case involving the insurer, the Appellate Division declared that the insurer was not liable for the payments of Cardinale's benefits because the policy had expired before Cardinale's injury. The court rejected Cardinale's argument that because the insurer's notice to the director had been given prior to the expiration of the policy, at a time when the policy could have been renewed by the payment of the premium, the notice did not comply with the requirements of § 28–36–12. Thus Cardinale maintained that the notice of cancellation was ineffective. The Appellate Division rejected this argument, and Cardinale seeks review by way of certiorari. Because we grant Central's petition for certiorari and quash the decree of the Workers' Compensation Court in case No. 96–533–M.P., we need not reach the merits of Cardinale's hypothesis.

We note at the outset that the Appellate Division did not have the benefit of this court's order in *Nielson v. C & N, Inc.,* 685 A.2d 282 (R.I.1996), in which we declared that the mandatory language in § 28–29–8 requiring an employer to file a written election in order to submit to the provisions of the act may not be satisfied by inference drawn from the filing of a certificate with the Department of Labor in accordance with

§ 28–36–12. Nevertheless, it is clear from a review of this case that the appellate division was in error. Section 28–29–8 requires an employer to submit a written statement electing to accept the provisions of the act, and it is undisputed that no such written statement was filed by Central. Therefore, the Workers' Compensation Court lacked jurisdiction to entertain Cardinale's petition. The filing by the insurer is satisfaction of its own statutory responsibilities, is of no assistance to petitioner, and does not supply the necessary jurisdictional prerequisite.

Cardinale attempts to distinguish *Nielson* on the ground that Nielson was the sole employee and the owner-president of the defendant corporation when he suffered a work-related injury. We are satisfied that this distinction is of no assistance to Cardinale. We therefore grant Central's petition and quash the decree of the Appellate Division. Furthermore, having concluded that the Workers' Compensation Court is without jurisdiction to entertain Cardinale's petition, we find it unnecessary to reach the merits of the insurer's claims.

For the reasons set forth in this opinion, Central's petition for certiorari is granted and the decree of the Appellate Division is quashed. The Cardinale's petition for certiorari is denied, the writ heretofore issued is quashed, and the decree of he Appellate Division is affirmed. The papers in the case are remanded to the Workers' Compensation Court with our decision endorsed thereon.

BOURCIER, J., did not participate.